Case 4:20-cv-00749   Document 15   Filed on 10/14/20 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
October 15, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DONNIE GARTH, | § |
| Plaintiff, | § |
| VS. | § CIVIL ACTION NO. 4:20-CV-749 |
| MORGAN COUNTY, | § |
| Defendant. | § |

**ORDER**

Pending before the Court is Defendant Morgan County's Motion to Dismiss (Doc. No. 12) Plaintiff Donnie Garth's ("Garth") Complaint (Doc. No. 1). Garth, proceeding *pro se*, did not file a response to the motion. After considering the motion, the complaint, and the applicable law, the Court **GRANTS** the Defendant's Motion to Dismiss.

### I.  Background

The facts alleged in Garth's complaint are sparse. The substance of the allegation appears to be that Garth applied for a Transportation Worker Identification Credential (TWIC) card from the Transportation Security Administration (TSA), which was denied because of information that Morgan County provided to TSA. The entirety of the complaint reads:

> PARTIES
> 1.   Plaintjiff [sic] Donnie Garth is a resident of Katy Texas, Defendant Morgan County is a municipal corporation that's located in the state of Alabama.
> FACTS
> 2.   Plaintiff Donnie Garth for his complaint for defamation of character against, Morgan County Alabama states as follows:
> 3.   This is an action for money damages brought pursuant to 28 U.S.C. sec.4101 and under the law of the State of Alabama, for defamation of character. Donnie Garth alleges defendant Morgan County illegally drafted false incriminating information to his personal background. Plaintiff alleges these false accusations have ruined his reputation, cost him his career opportunities, and [sic] ongoing problems with police.

COUNT 1
DEFAMATION OF CHARACTER

4. Defendant Morgan County violated Plaintiff[']s rights by drafting false information to his personal Background.

Prayer for relief

Plaintiff respectfully request[s] this court:
    a. Enter a judgement [sic] in favor of plaintiff against defendants;
    b. Clear Plaintiff[']s background of all false accusations;
    c. Award Plaintiff other and further relief as may be just and proper[.]

(Doc. No. 1 at 1–2). Garth also made a jury demand. (*Id.* at 2). With his complaint, Garth included a handwritten document that states:

> I have applied for TWIC three times and was rejected because of the allegations that Decatur, AL has on me. I have never committed a homicide in Decatur, AL and they can't prove that I did and I want to be expunged of these charges and granted my TWIC Card because I've paid three times, and these convictions does [sic] not exist. I don't know where they get that information from.[1]

(*Id.* at 8). He also included correspondence from the TSA dated January 11, 2019 requesting from Garth more information regarding "the offense and the disposition of your case following your arrest for **Homicide, in Decatur, Alabama, on or about February 3, 2001**" in order to process Garth's request for an appeal of his denial of a TWIC card. (*Id.* at 12).

Morgan County has now moved to dismiss based on an alleged lack of subject matter jurisdiction under Rule 12(b)(1), lack of personal jurisdiction under Rule 12(b)(2), and Garth's failure to state a claim under Rule 12(b)(6). (Doc. No. 12).

## II.    Legal Standard

Local Rules 7.3 and 7.4 of the Southern District of Texas state that a response to a motion will be submitted to the judge within 21 days after filing and that the failure to respond will be taken "as a representation of no opposition." Rule 7.4(a) plainly states that such responses must be

---

[1] Decatur is a city in northern Alabama that actually is located in two counties: Morgan and Limestone. Garth does not explain why Morgan County is the defendant if it was the city of Decatur that made the allegations, nor does he explain why Morgan County is sued but not Limestone County.

filed by the submission date, which in this case passed long ago. Therefore, the local rules would allow the Court to grant Morgan County's motion as it should be considered unopposed. Nevertheless, the Fifth Circuit has explained that, although it "has recognized the power of district courts to 'adopt local rules requiring parties who oppose motions to file statements of opposition,'" it has not "'approved the automatic grant, upon failure to comply with such rules, of motions that are dispositive of the litigation.'" *Johnson v. Pettiford*, 442 F.3d 917, 918 (5th Cir. 2006) (quoting *John v. Louisiana*, 757 F.2d 698, 709 (5th Cir. 1985)). A motion to dismiss is such a dispositive motion; consequently, the Court must consider the merits of Morgan County's motion.

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. PCOrder.com*, 402 F.3d 489, 494 (5th Cir. 2005) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). The burden of proof for a 12(b)(1) motion to dismiss is on the party asserting jurisdiction, who must prove by a preponderance of the evidence that the court has jurisdiction based on the complaint and evidence. *Gilbert v. Donahoe*, 751 F.3d 303, 307 (5th Cir. 2014). Nevertheless, "a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

Similarly, "[w]hen a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, it must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts posed by the affidavits. Therefore, in a no-hearing situation, a plaintiff satisfies his burden by presenting a *prima facie* case for personal jurisdiction." *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999).

3

The Supreme Court has held that, generally, Article III requires a federal court to "satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 87 (1998)). This rule does not mean, however, that there is a dictated "sequencing of *jurisdictional* issues." *Id.* at 585 (emphasis added). The Court, then, may "choose among threshold grounds for denying audience to a case on the merits" and is free to dismiss the case on either subject-matter or personal jurisdiction grounds if both are disputed. *Id.*

### III. Analysis

Morgan County has contended from the outset of this case that this Court has neither subject matter nor personal jurisdiction over it. (*See* Doc. No. 12). A federal court may exercise personal jurisdiction over a defendant if: "(1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution." *Latshaw*, 167 F.3d at 211. The Texas long-arm statute[2] extends to the limits of federal due process, so these two steps conflate. *Id.* The exercise of personal jurisdiction over a defendant is constitutional if the defendant has the requisite minimum contacts with the forum state and requiring the defendant to submit to jurisdiction in the forum state would not infringe on "traditional notions of fair play and substantial justice." *Companion Prop. & Cas. Ins. Co. v. Palermo*, 723 F.3d 557, 559 (5th Cir. 2013) (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 105 (1987)). There are two types of personal jurisdiction: general and specific. *Id.* For a court to have general personal jurisdiction over a defendant, the defendant must have had contacts with the forum state so continuous and systematic as to render him essentially at home there. *Daimler AG v. Bauman*, 571 U.S. 117, 119

---

[2] Tex. Civ. Prac. & Rem. Code §§ 17.041–045.

4

(2014). In contrast, specific personal jurisdiction "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quotations omitted).

Here, the Court lacks both general and specific personal jurisdiction over Morgan County. Garth's complaint alleges no facts that would support a finding that Morgan County, a county in Alabama, would be subject to general personal jurisdiction in Texas. Garth has not alleged any affiliations of Morgan County with the State of Texas, much less any "affiliations with [Texas] that are so continuous and systematic" as to render the County "essentially at home in" Texas. *Daimler*, 571 U.S. at 139. Further, Garth has failed to allege any facts that show his claim arises from or relates to any contact Morgan County has had with Texas. *See ICEE Distributors, Inc. v. J&J Snack Foods Corp.*, 325 F.3d 586, 591 (5th Cir. 2003). This Court must accept the plaintiff's uncontroverted allegations related to personal jurisdiction as true, *Latshaw*, 167 F.3d at 211 (5th Cir. 1999), but Garth has made no jurisdictional allegations at all. Consequently, Garth has not satisfied his burden to present a *prima facie* case for personal jurisdiction. *Id.* The Court may dismiss the case on this ground alone and it need not address the other grounds on which Morgan County moved for dismissal.

## IV. Conclusion

For the foregoing reasons, Morgan County's Motion to Dismiss (Doc. No. 12) is granted and the Plaintiff's complaint is hereby dismissed. All other pending motions are denied as moot.

Signed at Houston, Texas, this 14 day of October, 2020.

Andrew S. Hanen
United States District Judge